**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK BROOKS,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SUN CASH OF SD, LLC.;** and **CHECK CASHIERS OF SOUTHERN CALIFORNIA, INC. d/b/a USA CHECKS CASHED,**<br><br>Defendants. | Case No.: '17CV1934 H  AGS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, PATRICK BROOKS, ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available remedies, resulting from the unlawful debt collection practices of Defendants, SUN CASH OF SD, LLC., ("SUN CASH"); and CHECK CASHIERS OF SOUTHERN CALIFORNIA, INC. d/b/a USA CHECKS CASHED, ("USA CHECKS CASHED" or collectively as "Defendants").

2. Like many Americans in the past decade, Plaintiff has faced financial hardship in the wake of the financial collapse and subsequent recession. As Plaintiff's financial status deteriorated, he sought out and retained an attorney to help deal with his growing indebtedness. After being subjected to daily harassing calls from creditors, Plaintiff's decided to file a Chapter 7 Bankruptcy.

3. All Defendants received written notice from the Bankruptcy Court regarding Plaintiff's filing and the fact he was represented by counsel with respect to the debts at issue in this case. Plaintiff has also verbally informed Defendants he filed bankruptcy, is represented by counsel, and has requested Defendants cease contacting him.

4. Defendants are aware that Plaintiff is represented by counsel but intentionally subvert Plaintiff's counsel and contact him directly with daily phone calls and written demands for payment. This conduct is specifically prohibited by both state and federal consumer protection laws and violates the fundamental right of consumers and litigants to be represented by counsel of their choosing.

5. As alleged herein, Defendants' conduct violated: (i) The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*

///

///

6. Defendants' actions described herein have caused damage to Plaintiff by diminishing his ability to adequately perform his job as a truck driver. Defendants' constant phone calls and attempts to communicate with Plaintiff using various phone numbers has forced Plaintiff to forgo answering phone calls, and has thus limited his ability to communicate with his clients, and tender deliveries on time to the correct addresses. In addition, Plaintiff has suffered damages by mental and emotional pain, anguish, humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to stop Defendants' unlawful and harassing conduct.

7. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

8. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, intentional, and malicious, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

9. Unless otherwise indicated, any Defendants named in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

10. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

11. Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

12. At all times relevant, Plaintiff was an individual residing within the State of California.

13. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California using U.S. mail.

## JURISDICTION AND VENUE

14. This action arises out of Defendants' violations of: (i) The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

15. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

16. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

17. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

18. Plaintiff, PATRICK BROOKS, ("Plaintiff") is a natural person who resides in the City of San Diego, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

19. Defendant, SUN CASH OF SD, LLC., ("SUN CASH") is a California limited liability company.

20. SUN CASH is a "person" as that term is defined by 47 U.S.C. § 153(39).

21. SUN CASH, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

22. Defendant, CHECK CASHIERS OF SOUTHERN CALIFORNIA, INC. d/b/a USA CHECKS CASHED, ("USA CHECKS CASHED") is a California corporation.

23. USA CHECKS CASHED is a "person" as that term is defined by 47 U.S.C. § 153(39).

24. USA CHECKS CASHED, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

25. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## GENERAL FACTUAL ALLEGATIONS

26. In the face of financial hardship, Plaintiff sought out legal help from an attorney to deal with his growing financial problems.

27. In or around July of 2017, Plaintiff sought out and retained an attorney to help deal with his indebtedness.

28. On July 26, 2017, Plaintiff filed a Chapter 7 Bankruptcy.

29. On July 28, 2017, the Bankruptcy Court served a "Notice of Chapter 7 Bankruptcy" ("BNC Notice") on all of Plaintiff's creditors including Defendants.

30. The Notice identified Plaintiff's Bankruptcy Counsel by stating "Debtor's Attorney Name and Address" followed by the name and address of Plaintiff's bankruptcy counsel.

31. The Notice also informed all of Plaintiffs creditors that upon the filing of the Bankruptcy: "*Creditors cannot demand repayment from debtors by mail, phone, or otherwise*."

## FACTUAL ALLEGATIONS PERTAINING TO SUN CASH

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Sometime prior to July of 2017, Plaintiff entered into a short-term payday loan transaction with SUN CASH, Account No. 1454-x. In this transaction, Plaintiff provided SUN CASH with a personal check, post-dated by approximately two weeks, in the amount of $300 (the "Sun Cash Debt"). In return, Plaintiff immediately received $255 in cash as the loan proceeds. The difference of $45 represented fees and interest charged by SUN CASH.

34. Plaintiff did not have sufficient funds to cover his post-dated check, and his bank returned the check to SUN CASH as unpaid.

35. The Sun Cash Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

36. On July 28, 2017, the Bankruptcy Court served SUN CASH with the BNC Notice.

37. The BNC Notice specifically stated Plaintiff was represented by counsel and listed Plaintiff's bankruptcy counsel's name and address.

38. The BNC Notice advised SUN CASH to cease and desist all collection attempts against Plaintiff by mail, phone, or otherwise.

39. The BNC Notice: (i) provided SUN CASH with actual notice of Plaintiff having retained an attorney with respect to the SUN CASH debt; (ii) effected a "cease and desist" notice with respect to all collection attempts; and (iii) provided SUN CASH with written notice of Plaintiff's attorney's contact information, including name and address.

40. Despite having received express written notice that Plaintiff had retained counsel and that all debt collection efforts must cease, SUN CASH continued

to contact Plaintiff directly by phone and by mail.

41. Specifically, SUN CASH contacted Plaintiff directly on his cellular phone via text message on September 6, 2017, over one (1) month after receiving the BNC Notice.

42. Using the telephone number 77513, SUN CASH texted Plaintiff's cellular phone in an attempt to collect upon the Sun Cash Debt. The text message stated:

> Sun Cash of SD, LLC: Your last pmt was returned by your bank. Pls call (619) 583-2100 to discuss your options before add'l fees apply. For help reply HELP

43. Through this conduct, SUN CASH violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they were represented by an attorney and that the debt collector should cease further communications; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SUN CASH also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, SUN CASH also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when SUN CASH had been previously notified in writing that Plaintiff was represented by an attorney with respect to the Sun Cash Debt.

45. SUN CASH contacted Plaintiff a second time directly on his cellular phone via text message on September 21, 2017, almost two (2) months after receiving the BNC Notice.

46. Using the telephone number 77513, SUN CASH texted Plaintiff's cellular phone in an attempt to collect upon the Sun Cash Debt. The text message stated:

> Sun Cash of SD, LLC: Your last pmt was returned by your bank. Pls call (619) 583-2100 to discuss your options before add'l fees apply. For help reply HELP

47. Through this conduct, SUN CASH violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they were represented by an attorney and that the debt collector should cease further communications; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SUN CASH also violated Cal. Civ. Code § 1788.17.

48. Through this conduct, SUN CASH also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when SUN CASH had been previously notified in writing that Plaintiff was represented by an attorney with respect to the Sun Cash Debt.

49. Additionally, the two (2) text messages SUN CASH placed to Plaintiff's cellular were placed using an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227 (a)(1) and/or used an automated or prerecorded voice as that term is defined and used by 47 U.S.C. § 227 (b)(1)(A).

50. The ATDS used for the text messages has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number

generator.

51. The telephone number that SUN CASH, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and texts pursuant to 47 U.S.C. § 227 (b)(1).

52. These telephone calls and texts constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

53. Through the BNC Notice and the retention of counsel, Plaintiff effected a revocation of his consent to be contacted by SUN CASH by any means including consent to be contacted within the meaning of the TCPA, 47 U.S.C. § 227, *et seq*. Thus, the text messages were sent without the prior express consent of Plaintiff.

54. Through this conduct, SUN CASH violated 47 U.S.C. § 227 (b)(1)(A) by making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an automatic telephone dialing system and/or an artificial or prerecorded voice.

55. On August 4, 2017, SUN CHECK sent a letter to Plaintiff's home address demanding payment on the Sun Cash Debt in the amount of $300.00.

56. On September 6, 2017, SUN CHECK sent another letter to Plaintiff's home address again demanding payment on the Sun Cash Debt in the amount of $300.00.

57. Through this conduct, SUN CASH violated 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney, 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they wished the debt collector cease further communications, 15 U.S.C. § 1692d by engaging in any conduct the natural consequent of which is to harass, oppress, or abuse any person in connection with the collection of a debt, and 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections

are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SUN CASH also violated Cal. Civ. Code § 1788.17.

58. Through this conduct, SUN CASH also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when SUN CASH had been previously notified in writing that Plaintiff was represented by an attorney with respect to the Sun Cash Debt.

## FACTUAL ALLEGATIONS PERTAINING TO USA CHECKS CASHED

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Sometime prior to July of 2017, Plaintiff entered into a short-term payday loan transaction with USA CHECKS CASHED. In this transaction, Plaintiff provided USA CHECKS CASHED with a personal check, post-dated by approximately two weeks, in the amount of $300 (the "USA Debt"). In return Plaintiff immediately received $255 in cash as the loan proceeds. The difference of $45 represented fees and interest charged by USA CHECKS CASHED.

61. Plaintiff did not have sufficient funds to cover his post-dated check, and his bank returned the check to USA CHECKS CASHED as unpaid.

62. The USA Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

63. On July 28, 2017, the Bankruptcy Court served USA CHECKS CASHED with the BNC Notice.

64. The BNC Notice specifically stated Plaintiff was represented by counsel and listed Plaintiff's bankruptcy counsel's name and address.

65. The BNC Notice advised USA CHECKS CASHED to cease and desist all collection attempts against Plaintiff by mail, phone, or otherwise.

66. The BNC Notice: (i) provided USA CHECKS CASHED with actual notice of Plaintiff having retained an attorney with respect to the USA Debt; (ii) effected a "cease and desist" notice with respect to all collection attempts; and (iii) provided USA CHECKS CASHED with written notice of Plaintiff's attorney's contact information, including name and address.

67. Despite having received express written notice that Plaintiff had retained counsel and to cease all communications and debt collection efforts, USA CHECKS CASHED continued to contact Plaintiff directly by phone and by mail.

68. Specifically, USA CHECKS CASHED has contacted Plaintiff directly on his cellular phone on at least six (6) separate instances since having received the BNC Notice.

69. Using telephone number (619) 461-3808, USA CHECKS CASHED has contacted Plaintiff's cellular telephone on the following instances in an attempt to collect upon the USA Debt:

   August 24, 2017 at 5:40 p.m. PST;

   August 31, 2017 at 12:01 p.m. PST;

   September 6, 2017 at 12:15 p.m. PST;

   September 9, 2017 at 12:45 p.m. PST;

   September 18, 2017 at 11:27 a.m. PST;

   September 18, 2017 at 11:28 a.m. PST.

70. Though the date of filing this Complaint, USA CHECKS CASHED continues to contact Plaintiff by telephone in an attempt to collect upon the USA Debt.

71. In August of 2017, during one or more of these phone calls, Plaintiff informed USA CHECKS CASHED representative "Lucy" that: (i) Plaintiff had retained an attorney; (ii) that all further communications should be directed to

Plaintiff's attorney; (iii) and that Plaintiff did not consent to any further phone calls from USA CHECKS CASHED.

72. Therefore, USA CHECKS CASHED not only knew that Plaintiff was represented by counsel through the BNC Notice, but also though Plaintiff's verbal statements to USA CHECKS CASHED's representative that all communications regarding the USA Debt should be directed to Plaintiff's attorney.

73. However, USA CHECKS CASHED ignored Plaintiff's invocation of counsel and simply continued to call him to demand payment on the USA Debt including, but not limited to, the instances stated above.

74. Through this conduct, USA CHECKS CASHED violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they wished the debt collector cease further communications; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, USA CHECKS CASHED also violated Cal. Civ. Code § 1788.17.

75. Through this conduct, USA CHECKS CASHED also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when USA CHECKS CASHED had been previously notified in writing that Plaintiff was represented by an attorney with respect to the USA Debt.

76. Additionally, the calls USA CHECKS CASHED placed to Plaintiff's cellular phone described in paragraph 68-69 of this Complaint, were placed using an "automatic telephone dialing system" ("ATDS") as that term is defined by 47

U.S.C. § 227 (a)(1) and/or used an automated or prerecorded voice as that term is defined and used by 47 U.S.C. § 227 (b)(1)(A).

77. The ATDS used for these calls has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

78. The telephone number that USA CHECKS CASHED, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

79. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

80. Through the BNC Notice and through verbal statements to USA CHECKS CASHED, Plaintiff effected a revocation of his consent to be contacted by USA CHECKS CASHED by any means including consent to be contacted within the meaning of the TCPA, 47 U.S.C. § 227, *et seq*. Thus, the calls were made without the prior express consent of Plaintiff.

81. Through this conduct, USA CHECKS CASHED violated 47 U.S.C. § 227 (b)(1)(A) by making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an automatic telephone dialing system and/or an artificial or prerecorded voice.

82. On August 31, 2017, USA CHECKS CASHED sent a letter to Plaintiff's home address demanding payment on the USA Debt in the amount of $235.29.

83. Through this conduct, USA CHECKS CASHED violated 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney, 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they wished the debt collector cease further communications, 15 U.S.C. § 1692d by engaging in any conduct the natural consequent of which is to harass, oppress, or abuse any person in connection with the collection of a debt, and 15 U.S.C. § 1692f by using

unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, USA CHECKS CASHED also violated Cal. Civ. Code § 1788.17.

84. Through this conduct, USA CHECKS CASHED also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when USA CHECKS CASHED had been previously notified in writing that Plaintiff was represented by an attorney with respect to the USA Debt.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST ALL DEFENDANTS]

85. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

87. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

88. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.
### [AGAINST ALL DEFENDANTS]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

91. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

92. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION FOR INTENTIONAL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.
### [AGAINST ALL DEFENDANTS]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

95. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

96. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C);
- Injunctive relief Pursuant to 47 U.S.C. § 227(b)(3)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: September 22, 2017           Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

97. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | | |
|---|---|---|
| 1 | Dated: September 22, 2017 | Respectfully submitted, |
| 2 | | |
| 3 | | **SINNETT LAW, APC.** |
| 4 | | BY: /S/ WAYNE A. SINNETT |
| 5 | | WAYNE A. SINNETT, ESQ.<br>ATTORNEY FOR PLAINTIFF |